**In the Matter of Karl Fred SEILER & Theresa Marie Seiler, Debtors.**

**Kelly FOX, Plaintiff,**

**v.**

**Karl Fred SEILER d/b/a Town & Country Cars, Ltd. & Indiana State Dept. of Revenue, Defendants.**

Bankruptcy No. 82–10768.
Proc. No. 82–1176.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

April 18, 1983.

Mark A. Warsco, Fort Wayne, Ind., for plaintiff.

Larry T. Miller, New Haven, Ind., for defendant Karl Seiler.

Donna S. Nichols, Indianapolis, Ind., for defendant Ind. Dept. of Revenue.

ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

On October 19, 1982, Plaintiff Kelly Fox filed a complaint against debtor and the Indiana State Department of Revenue, to determine dischargeability or to avoid a lien. A hearing was held on January 7, 1983, and the matter was taken under advisement.

The court, being duly advised in the premises, now finds as follows:

Plaintiff Fox bought a used car, a 1978 Ford, from the Town and Country Car dealership, on February 3, 1981. He paid $2679.00 in cash plus the trade-in of a 1971 Plymouth Satellite. These facts were agreed to as established at the hearing. Mr. Fox requested the promised certificate of title from the dealer several times without success. Then he was advised that on February 20, 1981, when the title was registered in the name of Town and Country

---

Cars, Ltd., prior to being transferred to him, a lien for tax liabilities of the dealership was attached to the title. The lien was perfected on March 4, 1981, and the title has remained with the State of Indiana Department of Revenue. Mr. Fox has been unable to obtain it, or, consequently license plates for this car, which he has thus been unable to use. This sequence of events was the cause of Mr. Fox's filing his complaint to avoid the lien so that he might receive a clear title certificate to the car he had purchased.

The Indiana Code protects a buyer of goods in the ordinary course of business from prior security interests: it furnishes even more protection than Mr. Fox would seem to need. Such a buyer "takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence." I.C. § 26–1–9–307(1) (Burns 1974).[1] The buyer in this case knew nothing of a possible tax lien against the dealer. He was an innocent purchaser for value. Because the car was a used one, another section of the Indiana Code is relevant to the transaction:

> Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him the power to transfer all rights of the entruster in the ordinary course of business.

I.C. § 26–1–2–403(2). It is not questioned here that the seller, Town and Country Cars, was a merchant dealing in cars, and that the purchase was made "in the ordinary course of business." Therefore, on February 3, 1981, the buyer acquired all the rights of the car's "entruster," the person or entity from whom Town and Country had acquired the car. Those rights would include the right to the title. The affidavit of Donald E. St. Claire, filed by the Department of Revenue, and the certificate of title, show February 20, 1981, as the "date of purchase by Town and Country, Ltd."

Therefore, the title on February 3, 1981, was in someone else's name (presumably that of its entruster), and the equitable right to it passed to Mr. Fox on that date. The tax lien statute says that a lien "attaches to all the person's interest in any chose in action in the county and to all the person's interest in any real or personal property in the country." I.C. § 6–8.1–8–2 (Burns Supp.1982). It is arguable that as title was equitably Mr. Fox's by February 20, it should not have been considered "property" of the dealership. Supposing the tax lien to have validly attached and been perfected, however, Mr. Fox's interest should still have priority over that lien by the action of I.C. 26–1–9–307(1).

White and Summers, in their UCC hornbook, note that "used cars are more likely to present a direct conflict between certificate of title acts and the Code.... Although we have found no case which squarely holds that the rights of a purchaser of a used car from a dealer are superior to those of a secured party who has recorded his security interest under a certificate of title act, the trend favors the purchaser... [T]he purchaser in such cases falls squarely within the class of persons section 9–307(1) is designed to protect." White & Summers, Uniform Commercial Code, § 25–16 at 1076, 2d ed. 1980. We find the purchaser here even more deserving of this protection, because the tax lien was a later, not a prior, security interest: all parties agree that it had not attached to the title on the date of the sale to Mr. Fox, February 3. We agree with an Illinois court in finding that § 9–307 is "equally pertinent where the conflict is between a prior good faith purchaser and a subsequent creditor with a perfected security interest." *Finance America Commercial Corp. v. Econo Coach, Inc.,* 95 Ill.App.3d 185, 188, 50 Ill. Dec. 667, 670, 419 N.E.2d 935, 938, 31 U.C.C. Rep. 716, 718 (Ill.App.1981). In that case, and a Florida case cited therein[2], a dealer

---

1. The "Indiana Comment" following this Code section notes that it codified the "better reasoned cases" which protected the buyer of a car on the grounds of his natural reliance upon the dealer's doing the paperwork.

2. *Stroman v. Orlando Bank & Trust Co.,* 239

had sold vehicles, retained certificates of title (though these had been promised to the buyers) and created a subsequent security interest in the vehicles. In the Florida case the first ground for the court's decision was that the dealer's attempt to create a lien when he had sold his entire interest in the car was a nullity. The second ground was a finding that § 9–307(1) should protect a buyer from a subsequent as well as a prior perfected security interest. (*Id.,* 95 Ill. App.3d at 188, 50 Ill.Dec. at 670, 419 N.E.2d at 938, 31 U.C.C.Rep. at 720, citing the Florida case reasoning as correct). The Illinois court then noted that the Uniform Commercial Code governs priorities between competing security interests, so that no conflict with the Illinois Vehicle Code's title provisions existed in that situation. The argument was not about how the interest had been perfected, but about which interest had priority.

 We find here that I.C. § 26–1–9–307(1) gives the good-faith buyer, Kelly Fox, priority over the Department of Revenue's tax lien, and therefore that lien should be voided.

Both plaintiff and the defendant Indiana State Department of Revenue filed motions for summary judgment in this matter. Defendant Indiana State Department of Revenue's motion for summary judgment is hereby denied. We deny also the same defendant's motion to dismiss Count II of the complaint.

Plaintiff's motion for summary judgment is granted as to defendant Indiana State Department of Revenue, and the Department is hereby required to release the certificate of title to the 1978 Ford L.T.D., Serial Number 8 A 25F245355, to its good faith purchaser, Kelly Fox, free and clear of the tax lien.

 Plaintiff's motion for summary judgment also alleges fraud against defendant Karl Seiler, doing business as Town and Country Cars, Ltd.; this portion of his motion is denied, as the fraud is a disputed matter of fact. Therefore, a pre-trial of

So.2d 621, 8 U.C.C.Rep. 395 (Fla.App.1970).

the matter against this defendant is now set for 11:00 a.m., May 24, 1983, in the Federal Building, 1300 S. Harrison, 2nd Floor, Fort Wayne, IN 46802.

SO ORDERED.